UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                Case No. 22-CV-1037-WED

LEAF PROPERTY INVESTMENTS, LLC,
SAM JAMES LEAF, and
DENNIS PARKER,

    Defendants.

---

## JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN

---

       Plaintiff, the United States of America ("United States") and defendants Leaf Property Investments, LLC ("LPI"), Sam Leaf ("Leaf") and Dennis Parker ("Parker") (collectively, "Defendants") hereby respectfully submit this joint report and proposed discovery plan pursuant to Federal Rule of Civil Procedure ("Rule") 26(f) and Civil Local Rule 26(a).

       As required by Rule 26(f), counsel held a telephonic conference on November 29, 2022, to discuss the nature and basis of their claims and defenses, a proposed discovery plan, and other matters required by Rule 26. Counsel on the call included: for Plaintiff, Lauren M. Marks, Trial Attorney, United States Department of Justice, Civil Rights Division, Housing and Civil Enforcement Section, and Charles A. Guadagnino, Assistant United States Attorney for the Eastern District of Wisconsin; and for Defendants, Brenda A. Colina and James C. Ratzel, Ratzel & Associates, LLC.[1] The Rule 16 teleconference has been scheduled for December 14, 2022.

    I.    **NATURE AND BASIS FOR CLAIMS AND DEFENSES**
        A.  <u>**United States' Allegations:**</u>

---

[1] Attorney Ratzel's and Attorney Colina's representation of Parker is limited to Parker's capacity as an alleged agent or other capacity of LPI. *See* ECF 9, p.1.

1

The United States brings claims on behalf of an adult male under the "John Doe" ("Complainant") pseudonym for violations of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Act of 1988, 42 U.S.C. §§ 3601 *et seq.* ("FHA"). The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the complaint brings claims for violations of federal law, pursuant to 28 U.S.C. § 1345 because this action is commenced by the United States, and pursuant to 42 U.S.C. § 3612(o)(1), and because the Secretary of the U.S. Department of Housing and Urban Development has authorized the Attorney General to commence and maintain this action in federal court.

The United States alleges that Defendants violated the FHA by subjecting Complainant to discrimination based on sex, including his sexual orientation, and disability. Compl. at ¶ 64, ECF No. 1. The complaint alleges that Complainant is an adult gay male with bipolar disorder, post-traumatic stress disorder, depression and anxiety who rented a unit at a rooming house owned by LPI. Leaf is the principal owner and operator of LPI, and the United States asserts that Parker served as the onsite manager of the property. *Id.* at ¶¶ 5-8, 16. The complaint further alleges that during the Complainant's tenancy, Parker subject the Complainant to severe, pervasive and unwelcome harassment based on sex and disability on multiple occasions. *Id.* at ¶ 23. The harassment included but was not limited to offensive verbal statements and text messages that Parker made and sent to the Complainant, as well as physically striking the Complainant in the groin, and threatening to evict him in retaliation for reporting the harassment to the police. *Id.* at ¶¶ 25-40, 47. It is further alleged that LPI and Leaf are vicariously liable for discriminatory practices by their employee or agent Parker. *Id.* at ¶¶ 52-53.

B. **Defendants' Position:**

Defendants filed an answer to the Complaint outlining potential defenses to the United States' claims. ECF No. 9. The claims of the United States are without merit. The Defendants Sam Leaf and Leaf Property Investments, LLC had no control or involvement in the acts of Denis Parker as alleged.

II.  **STIPULATED FACTS**

The parties are willing to stipulate to the following facts:

1. Ownership of the properties at issue: Both 1502-1504 East Royall Place and 1511 East Royall Place in Milwaukee, Wisconsin were, at the time of the events that

gave rise to this lawsuit, and are currently owned by Leaf Property Investments, LLC

## III. AMENDMENT OF PLEADINGS

The parties do not currently anticipate that they will need to amend their pleadings or join additional parties.

## IV. MOTIONS

### A. United States' Position:

Plaintiff may file a motion for summary judgment at the close of discovery.

### B. Defendants' Position:

Defendants may file a motion for summary judgment after some period of discovery.

## V. OTHER MATTERS THAT MAY AFFECT SCHDULING

The parties are not aware of any other matters that may affect the scheduling of this case for final disposition.

## VI. SUBJECT, SCOPE, AND LIMITS OF DISCOVERY

### A. United States' Position:

The United States' anticipates seeking discovery as to Defendants' liability and vicarious liability for discriminatory housing practices, including subjecting Complainant to severe, pervasive, and unwelcome sexual harassment on multiple occasions. The discriminatory incidents occurred while Parker was exercising his authority as a property manager of the property at question. Defendants LPI and Leaf are vicariously liable for the actions of Parker. The United States seeks monetary damages for the Complainant and injunctive relief to prevent future violations of the FHA, and will seek discovery related to damages.

### B. Defendants' Position:

The defendants anticipate seeking discovery as to whether Defendants' actions violated the law as raised in the pleadings and the nature and cause fro damages, if any. The defendants may seek discovery to defend itself from any claims of vicarious liability for the actions of Parker.

3

C. <u>**Parties' Position:**</u>

At this time, the parties do not think there is a need for any limitations on or expansion of discovery as prescribed in the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Wisconsin.

VII. **PROPOSED DISCOVERY SCHEDULE**

As discussed below, the parties continue to discuss terms of a stipulation for a protective order, which they hope to file by January 6, 2023. Anticipating that they will reach agreement on the terms of such a stipulation, the parties propose the following discovery schedule:

**Initial Disclosures**: Initial disclosures should be due within seven (7) days of entry of a Motion for Protective Order.

**Fact and Expect Discovery**: The parties agree that fact and expert discovery should close on February 19, 2024

**Expert Reports**: The United States' expert reports, if any, should be due by September 22 2023, and that the defendants' expert reports, if any, should be due on December 22, 2023.

**Motions for Summary Judgment**: The parties agree that summary judgement motions should be due by March 21, 2024

VIII. **Protective Order**

The United States believes that a protective order is necessary due to the sensitive nature of the case and because of the documents that will be sought in this case, including records pertaining to individuals' medical histories and records that contain personally identifiable information, contact information, or financial information.

The Defendants do not agree with a protective order because they do not believe that it is necessary and that the nature of the case is sensitive. Nonetheless, the parties will continue to work out an agreement regarding a protective order, and if successful, will file a motion for entry of an agreed protective order with the Court before January 6, 2023.

IX. **Electronically Stored Information Stipulation**

The parties discussed issues related to disclosure, discovery, and perseveration of electronically stored information, including form it should be produced. In addition, the parties discussed claims of privilege or of protection of discoverable documents, and procedure to assert claims of privilege or

4

Case 2:22-cv-01037-BHL   Filed 12/09/22   Page 4 of 6   Document 17

protection after production. The parties will file a motion for entry of a stipulated order regarding electronic discovery with the Court on or before January 6, 2023.

Agreed to by counsel for the parties:

On December 9, 2022, for the United States:

| | |
|---|---|
| GREGORY J. HAANSTAD<br>United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General |
| */s/ electronically signed by*<br>*Charles A. Guadagnino*<br>CHARLES A. GUADAGNINO<br>Assistant United States Attorney<br>Eastern District of Wisconsin<br>Wisconsin State Bar No. 1018829<br>517 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>414-297-1700<br>Fax: 414-297-4394<br>charles.guadagnino@usdoj.gov | */s/ electronically signed by*<br>*Lauren M. Marks*<br>SAMEENA SHINA MAJEED<br>Chief<br>TIMOTHY J. MORAN<br>Deputy Chief<br>LAUREN M. MARKS<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>Michigan Bar No. P77691<br>150 M Street, NE<br>Washington, DC 20530<br>Phone: (202) 532-3876<br>Fax: (202) 514-1116<br>Email: Lauren.Marks@usdoj.gov<br><br>Attorneys for Plaintiff<br>United States of America |

On December 9, 2022, for the Defendants:

**RATZEL & ASSOCIATES, LLC**
Attorneys for Defendants Leaf Property Investments, LLC, Sam James Leaf, and Dennis Parker


*/s/ electronically signed by James C. Ratzel*
James C. Ratzel
State Bar No.1007708

*/s/ electronically*
*signed by Brenda A.*
*Colina*
Brenda C. Colina
State Bar No. 1129212

**P.O. ADDRESS:**
3330 North Springdale Road
Brookfield, Wisconsin 53045

**T: 262-781-1911**
F: 262-781-0429
jratzel@ratzel-law.com

6