# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   v.                                        Case No. 22-CV-1037

**LEAF PROPERTY INVESTMENTS, LLC,**
**SAM JAMES LEAF,**
**DENNIS PARKER,**

        **Defendants.**

## STIPULATED PROTECTIVE ORDER

Based on the stipulation of the parties and the factual representations set forth therein (ECF No. 20), the Court finds that the exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 5.2(e), Fed. R. Civ. P. 26(c), and Civil L. R. 26(e):

1

1. **Scope.** All documents and materials produced during the investigation of this matter and in the course of discovery in this case, including initial disclosures, responses to discovery requests, third-party subpoenas, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in federal courts, this Order will be construed in favor of public disclosure and open proceedings wherever possible.

This Order does not prevent any party from seeking discovery of any non-privileged material within the proper scope of Federal Rule of Civil Procedure 26.

2. **Discovery.** The parties agree that nothing in this Order shall be deemed to affect the scope of discovery permitted by the Federal Rules of Civil Procedure.

3. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that a party designates should be protected from disclosure and use outside the litigation because the disclosure and use of such information is restricted by statute or Federal Rule of Civil Procedure 5.2. For purposes of this Order, the Parties will limit their designation of "Confidential Information" to the following categories of information or documents: PII protected by the Privacy Act of 1974, 5 U.S.C. § 552a or Federal Rule of Civil Procedure 5.2, including, but not limited to, (1) names of individuals known to be minors, (2) Social Security

2

numbers, (3) taxpayer-identification numbers, (4) financial information, and (5) protected health information ("PHI") as described in the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq. Information or documents that are available to the public may not be designated as Confidential Information except as otherwise required by law.* Further, discovery may reveal certain information that is not within the scope of this Order, therefore, the Parties may move the Court for the inclusion of additional categories of information.

**4. Form and Timing of Designation.** Any party or non-party producing documents may designate as "confidential" any document which that party or non-party considers in good faith to contain Confidential Information by marking or placing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the relevant page in a manner that will not interfere with the legibility of the document. For data in the form of a medium that makes the marking impracticable, the producing party shall mark the diskette case, USB drive and/or accompanying cover letter. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

By marking a designated document as confidential, the designating party thereby certifies that the document contains Confidential Information as defined in this Order.

**5. Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality under this Order so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

**6. Depositions.** The parties will meet and confer regarding deposition testimony that a party believes should be deemed confidential.

**7. Protection of Confidential Material.**

**(a) General Protections.** The parties agree that they will treat as confidential any document designated and produced by the other party or non-party with the marking. Designated Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purposes, except (1) when necessary to prosecute or defend this action and any actions that relate to or impact any judgment sought or obtained by the United States of America directly arising out of this action, and any appeals; and (2) as provided for below. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to and shared among the following persons:

    i. the United States and its counsel, supervisors, associates, law clerks, secretaries, paralegal assistants, investigators, other administrative staff, and employees, including contractors, of such counsel, and law enforcement entities and government agencies, as required in the course of business, including in the enforcement of federal laws;

    ii. counsel for the Defendants, and, when necessary to defend this action, partners, supervisors, associates, law clerks, secretaries, paralegal assistants, other administrative staff, and employees, including contractors, investigators, and experts, of such counsel;

    iii. the Defendants, but only to the extent necessary to further the Defendants' interests in this litigation, provided that in no circumstance would such disclosure include witness contact information (including telephone number, address, and/or email address), witness social security numbers, or witness birth dates, unless any Defendant was the author, recipient, or custodian of the document containing Confidential Information as provided in

5

Paragraph 7(b)(x) below. To the extent that Defendants review witness PHI, or any other information related to an individual's medical (including psychological) condition, Defendants may review that information only in the presence of counsel and may not retain copies;

iv. the Court, officers of the Court, and court personnel, including administrative staff, and members of the jury;

v. any special master or mediator appointed by the Court or jointly selected by the parties;

vi. persons retained by the parties or their counsel to assist in their investigations or discovery, to prepare for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action;

vii. witnesses and potential witnesses (and their counsel) who may testify at any deposition or hearing, provided that such disclosure is reasonably calculated to aid in litigating this action;

viii. court reporters and videographers (and their staff) retained to take depositions, under the terms and limitations specified in this Order;

ix. independent providers of document reproduction, electronic discovery, or other litigation services retained or employed

    specifically in connection with this litigation; and if applicable, employees of any Defendant's insurance company only to the extent necessary for representation of the Defendants in this action; and

x.  the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information.

**(c)**   **Disclosure of Medical/Psychological Information.** The parties acknowledge that it is possible that information related to parties and non-parties, including certain individuals' medical or psychological condition or treatment, including names or types of healthcare providers and dates of visits to providers, may be exchanged during discovery in this case. The parties further acknowledge the need to protect such sensitive and private information from inadvertent or unnecessary disclosure. Defendants or individuals approved by parties in writing and/or on the record may attend portions of depositions where medical/psychological information is discussed only after he or she makes a statement on the record that he or she will abide by this Order and not disclose the medical/psychological information to any person other than those designated in Paragraph 7(b) and only to the extent necessary to defend the claims against them. The Defendants are bound by the terms of this agreement pursuant to Paragraph 7(d) below, with respect to any medical/psychological information it obtains through any means during the course of this litigation, such as review of

7

pleadings or motions filed in this case or communications between the parties in this case. Nothing in this section shall limit or otherwise affect any of the parties' ability to use this information during depositions or in the litigation of this matter, subject to the limitations of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**(d)** **Control of Documents.** The parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information under the terms of this Order. Prior to disclosing or displaying the Confidential Information to any persons described in Paragraph 7(b)(iv)–(ix), counsel shall inform the person of the confidential nature of the information and inform the person that this Court has enjoined the use of the information or documents by him or her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person. If the parties wish to disclose Confidential Information to any persons other than those indicated in Paragraph 7(b), above, the disclosing party shall obtain written consent from the designating party in advance of such disclosure. If consent to the proposed disclosure is not given, then the party seeking to disclose may, on motion after conferring with the designating party, seek modification of this Order from the Court.

A receiving party who, by inadvertence or otherwise, discloses Confidential Information received in this case to any person or in any circumstance not authorized under this Order must immediately, upon learning of the disclosure: (a) notify in writing

the party who designated the document as confidential of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order. Neither the United States Department of Justice, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for unauthorized disclosure of any documents or of any information contained in such documents obtained by another party under this Order.

**8. Use of Confidential Information.** To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, the parties will meet and confer regarding treatment of the confidential material.

**9. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b) Destruction of Confidential Information.** Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and all exhibits

9

to those documents, even if such materials contain Confidential Information. This Order does not displace or override applicable legal or statutory obligations regarding record retention and maintenance or disclosure. Nor does this provision require a party to manually delete any data from disaster recovery or backup systems even if that data may contain copies or fragments of the Confidential Information until it is overwritten or destroyed in the ordinary course of records management.

10. **Order Subject to Modification.** This Order is subject to modification by the Court *sua sponte* or on motion of any party or any other person with standing concerning the subject matter.

11. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record, their law offices, and the parties, and all persons made subject to this Order by its terms.

12. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

13. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must *not* be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

14. **Use of Confidential Information at Trial or Hearing.** The terms of this

Order do not preclude, limit, restrict, or otherwise apply to the use of documents at any trial or hearing.

**15. Disclosure of Information.** Through this Order, the Court specifically permits the United States under the Privacy Act, 5 U.S.C. § 552a(b)(11), to produce documents or other information that contain information subject to protection such as "information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph …" 5 U.S.C. § 552a(a)(4). Documents or other information may also be produced that contain information covered by Federal Rule of Civil Procedure 5.2.

Dated at Milwaukee, Wisconsin this 18th day of January, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge