UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEAF PROPERTY INVESTMENTS LLC,
SAM JAMES LEAF, and DENNIS PARKER

        Defendants.

Case No. 22-cv-1037-bhl

## CONSENT DECREE

### I. INTRODUCTION

1. This action was brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or the "FHA"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619. The United States brought this action on behalf of an adult male under the pseudonym "John Doe" and referred to herein as the "Complainant" pursuant to 42 U.S.C. § 3612(o). *See* Compl., ECF No. 1.

2. The United States alleges in its Complaint that between 2019 and 2020, Complainant, an adult gay male with bipolar disorder, post-traumatic stress disorder ("PTSD"), depression, and anxiety, was subjected to discrimination on the basis of sex and disability, including unwelcome severe or pervasive sexual harassment, while renting a unit at a rooming house located at 1502-04 East Royall Place in Milwaukee, Wisconsin owned by Defendants Leaf Property Investments LLC and Sam Leaf (collectively, the "Leaf Defendants"). Specifically, the United States alleges that Defendant Dennis Parker, the Leaf Defendants' on-site manager of the rooming house and another rooming house at 1511 East Royall Place, made unwelcome and unwanted sexual comments and sent Complainant numerous text messages that were egregious and offensive. The United States also alleges that Parker made egregious, offensive, and derogatory comments about Complainant's disability, including regarding his receipt of Social Security Disability Insurance.

3. The United States further alleges that after Complainant called the police to report Parker's harassing texts, Parker threatened to evict Complainant and/or terminate his lease and told Complainant that in so doing, he had the support of Defendant Sam Leaf. The United States also alleges that Parker frequently yelled homophobic comments from the balcony of his unit at 1511 East Royall Place. Finally, the United States alleges that Parker physically assaulted Complainant.

4. The United States alleges that by the conduct described above, Defendants have:

    a. Denied housing or otherwise made housing unavailable because of sex and disability, in violation of 42 U.S.C. §§ 3604(a) and 3604(f)(1)(A);

    b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex and disability, in violation of 42 U.S.C. §§ 3604(b) and 3604(f)(2)(A);

    c. Made statements with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on sex in violation of 42 U.S.C. § 3604(c);

    d. Coerced, intimidated, threatened, or interfered with a person in the exercise or enjoyment of, or on account of their having exercised or enjoyed, rights granted or protected by 42 U.S.C. § 3604, in violation of 42 U.S.C. § 3617; and

    e. Retaliated against a person because that person reported a discriminatory practice to a housing provider or any other authority. 42 U.S.C. § 3617.

5. Defendants specifically deny each and every allegation of the Complaint, including the allegations set forth above. It is the position of the Defendants that the properties have been operated and/or managed in accordance with good and fair business practices.

6. The United States and Defendants (collectively, the "Parties") agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o) and 3614(a).

7. The Parties have agreed that the claims against Defendants should be resolved without further litigation. Therefore, the Parties consent to the entry of this Consent Decree.

    **ACCORDINGLY**, it is **ORDERED**:

## II. PROHIBITION AGAINST DISCRIMINATION AND RETALIATION UNDER THE FAIR HOUSING ACT

8. Defendants, their employees, agents, successors, heirs and assigns, and all other persons or entities in active concert or participation with them, are hereby permanently enjoined, with respect to the rental of dwellings,[1] from:

   a. Refusing to rent a dwelling, refusing or failing to provide or offer information about a dwelling, or otherwise making unavailable or denying a dwelling to any person because of sex or disability;

   b. Discriminating against any person in the terms, conditions, or privileges of renting a dwelling, or in the provision of services or facilities in connection therewith, because of sex or disability;

   c. Making any statement, oral or written, in connection with the rental or sale of a dwelling, that expresses or indicates any preference, limitation, or discrimination, or an intent to make any such preference, limitation, or discrimination, because of sex or disability; or

   d. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, including by retaliating against any persons exercising their rights under this Consent Decree.

## III. PROHIBITION AGAINST CONTACT WITH COMPLAINANT BY DEFENDANT PARKER

9. Defendant Parker is permanently enjoined from purposefully or knowingly engaging in contact or communications, either directly or indirectly, with Complainant. "Contact or communications" includes, but is not limited to, physical contact, verbal contact, telephone calls, e-mails, faxes, written communications, text or instant messages, contacts through social media, or other communications made directly or through third parties.

10. In the event that Defendant Parker inadvertently or unintentionally has any contact with Complainant, Defendant Parker will immediately discontinue the contact or communication

---

[1] The term "dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

and take all reasonable steps to avoid any further contact or communication.

## IV. PROHIBITION AGAINST PARKER PERFORMING PROPERTY MANAGEMENT RESPONSIBILITIES

11. Defendant Parker is permanently enjoined from directly or indirectly performing any "Property Management Responsibilities" as defined herein at any Subject Property[2] or any other residential rental property. "Property Management Responsibilities" include the following: performing or supervising repairs or maintenance; advertising dwelling units for rent; showing or renting dwelling units; processing rental applications; negotiating rents and security deposits; determining tenant eligibility for subsidies or waivers of fees and rents; inspecting dwelling units; collecting rent and fees; overseeing any aspects of the rental process; or engaging in any other property-related activities that involve, or may involve, personal contact with tenants or prospective tenants.

## V. NONDISCRIMINATION POLICY AND COMPLAINT PROCEDURE

12. Within thirty days of the Court's entry of this Consent Decree, the Leaf Defendants will provide to the United States a proposed Nondiscrimination Policy and Complaint Procedure. If the United States does not approve the proposed Nondiscrimination Policy and Complaint Procedure, Defendant will have fifteen (15) days from such notification to submit a revised proposed Nondiscrimination Policy and Complaint Procedure. This process will continue until a Nondiscrimination Policy and Complaint Procedure is approved by the United States. If the Parties cannot reach agreement on a Nondiscrimination Policy and Complaint Procedure after a good faith effort, any party may seek the Court's assistance.

13. The Leaf Defendants may change the Nondiscrimination Policy and Complaint Procedure, provided that any change is approved by the United States prior to implementation, per the process outlined in the preceding paragraph.

## VI. EDUCATION AND TRAINING

14. Within one hundred eighty (180) days of the Court's entry of this Consent Decree, Defendant Sam Leaf and any person involved in performing Property Management Responsibilities at any of the Subject Properties will undergo live training on the Fair Housing

---

[2] "Subject Property" or "Subject Properties" mean any residential rental property Defendants own or manage, or come to own or manage, in full or in part. Defendants Leaf and Leaf Property Investments LLC have provided a complete list of the residential rental properties they currently own or control, in full or in part, which is incorporated by reference herein and attached to this Consent Decree as Attachment A.

Act.  Live training may include training provided by streaming or video service (*i.e.*, Zoom).  At a minimum, the training will consist of instruction on the requirements of the Fair Housing Act, with an emphasis on sexual harassment and other types of discrimination because of sex, which includes discrimination based on sexual orientation and gender identity, and a question-and-answer session for the purpose of reviewing this topic.  The training will also include instruction on preventing discrimination based on disability.  The attendees employed by the Leaf Defendants will be provided a copy of this Consent Decree before or at the training.  The training will be conducted by a qualified third party, independent of Defendants or their counsel, approved in advance by the United States.  Any expenses associated with this training incurred by Defendants will be borne by Defendants.

15. The Leaf Defendants will obtain from the trainer certifications of attendance, executed by each individual who received training, confirming their attendance.  This certification, included at Attachment B, will include the name of the instructor, the date the course was taken, and the length of the course and/or time within which the course was completed.  Copies of the certification will be provided to counsel for the United States.

16. During the effective period of this Consent Decree, any new employees or agents with involvement in Property Management Responsibilities at the Subject Properties will, within thirty (30) days of the commencement of their employment or agency relationship with the Leaf Defendants, be provided the training described in Paragraph 15, above, or participate in an online training on the Fair Housing Act, including the Act's provisions related to sexual harassment, other forms of sex discrimination, and disability discrimination.  The online training program, which must be interactive and include an assessment for content understanding, must be approved in advance by the United States.  New employees who are provided online training will participate in a live training as described in Paragraph 15, above, within one (1) year of commencing an employment or agency relationship with the Leaf Defendants.  The Leaf Defendants will send a copy of the certifications of any training conducted under this Paragraph to counsel for the United States consistent with Paragraph 16.

## VIII. ADDITIONAL PROPERTY MANAGEMENT RESPONSIBILITIES

17. The Leaf Defendants will post an "Equal Housing Opportunity" sign in each office or location in which rental activity is conducted, which indicates that all dwellings are available for rent on a nondiscriminatory basis, including the properties located at 1502-04 and 1511 East

Royall Place.  An 11-inch by 14-inch poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.  Such poster will be placed in a prominent, well-lit location where it is easily readable. Defendant may use HUD Form 928, available in English at: https://portal.hud.gov/hudportal/documents/huddoc?id=928.1.pdf.

18. The Leaf Defendants will require that any advertising, including online, print, radio, television or other media, signs, pamphlets, brochures and other promotional literature is in compliance with HUD advertising guidelines as of the effective date of this decree, available on the HUD website at: https://www.hud.gov/sites/dfiles/FHEO/documents/BBE%20Part%20109%20Fair%20Housing%20Advertising.pdf.

19. The Leaf Defendants will implement the Nondiscrimination Policy and Complaint Procedure and ensure that it is followed, by:

   a. Distributing the Nondiscrimination Policy and Complaint Procedure to all employees or agents involved in performing Property Management Responsibilities at any of the Subject Properties within five (5) days of the United States' approval of the Nondiscrimination Policy and Complaint Procedure or within ten (10) days of the commencement of their employment or agency relationship;

   b. Securing a signed statement from each such employee or agent acknowledging that the employee or agent has received and read the Nondiscrimination Policy and Complaint Procedure, has had the opportunity to have questions about the Nondiscrimination Policy and Complaint Procedure answered, and agrees to abide by the relevant provisions of the Nondiscrimination Policy and Complaint Procedure. This Employee Acknowledgement Statement will be in the form of Attachment C;

   c. Providing any new employees or agents engaged in Property Management Responsibilities at the Subject Properties with a copy of the Nondiscrimination Policy and Complaint Procedure, within ten (10) days of the commencement of their employment or agency relationship.  The Leaf Defendants will secure from each new employee or agent a signed Employee Acknowledgement Statement in the form of Attachment C.

d.  Distributing the Nondiscrimination Policy and Complaint Procedure to every tenant of each Subject Property within fifteen (15) days of the United States' approval of the Nondiscrimination Policy and Complaint Procedure and ensuring that a copy of the Nondiscrimination Policy and Complaint Procedure is attached to the written lease of every new tenant at every Subject Property.

20. The Leaf Defendants will provide to the United States[3] notification and documentation of any written or oral complaint against the Leaf Defendants or their agents or employees regarding alleged discrimination in housing within fifteen (15) days of receipt of the complaint. The notification will include the full details of the complaint, including the complainant's name and address; the details of the complaint; and a copy of the complaint itself, if the complaint was made in writing. The Leaf Defendants will promptly provide the United States with all information it may request concerning any such complaint and will inform the United States within fifteen (15) days of the substance of any resolution of such complaint.

21. The Leaf Defendants will provide any information reasonably related to compliance with this Consent Decree that is requested by the United States.

## IX. REPORTING AND RECORD KEEPING

22. Within ninety (90) days of the date of entry of this Consent Decree, and every six (6) months thereafter for the term of this Consent Decree, the Leaf Defendants will deliver to the United States a report containing information about the Leaf Defendants' compliance with the terms of this Consent Decree during the preceding reporting period, including but not limited to:

   a.  A list of the Subject Properties, including the street address, the number of rental units at each property, and a description of the Leaf Defendants' interest in the property;

   b.  A list of all tenants at the Subject Properties;

   c.  Photographs of each office or location in which rental activity is conducted showing the "Equal Housing Opportunity" signs required by Paragraph 18 of this Consent Decree;

---

[3] All documents or other communications required by this Consent Decree to be sent to the United States will be sent by commercial (non-USPS) overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 150 M Street NE, 8th Floor, Washington, D.C. 20002, Attn: DJ 175-85-452, or as otherwise directed by the United States. A courtesy copy may also be emailed.

    d.    Copies of all fair housing training certifications, pursuant to Paragraphs 16 and 17 of this Consent Decree;

    e.    Confirmation that the Nondiscrimination Policy and Complaint Procedure have been implemented and are in effect;

    f.    Copies of all signed Employee Acknowledgement Statements, pursuant to Paragraphs 20(b) and (c) of this Consent Decree; and

    g.    Confirmation that the Nondiscrimination Policy and Complaint Procedure have been distributed to every tenant of each Subject Property, and subsequently that they have been attached to the written lease of every new tenant at every Subject Property, pursuant to Paragraph 20(d) of the Consent Decree.

The final report due under this Paragraph will be delivered to the United States sixty (60) days prior to the expiration of this Consent Decree.

23.    The Leaf Defendants will preserve all records that are the source of, contain, or relate to any of the information pertinent to the Leaf Defendants' obligations under this Consent Decree. Upon reasonable notice to counsel for the Leaf Defendants, or to the Leaf Defendants if they become unrepresented by counsel, representatives of the United States will be permitted to inspect and copy all such records at any and all reasonable times.

## X. MONETARY DAMAGES FOR COMPLAINANT

24.    Within thirty (30) days of entry of this Consent Decree, Defendant will pay monetary damages in the total amount of $40,000 to Complainant by delivering a check in that amount, payable to Complainant,[4] to counsel for the United States as follows: United States Attorney's Office Eastern District of Wisconsin, Attention: Charles Guadagnino, Assistant United States Attorney, 517 East Wisconsin Avenue, Room 530, Milwaukee, Wisconsin 53202.

25.    Upon receipt of the payment described in Paragraph 25, and a signed release in the form of Attachment D from the Complainant, counsel for the United States will deliver the check to Complainant and the signed release to counsel for Defendants. Complainant will not receive this check until he has executed and delivered to counsel for the United States the release at Attachment D.

26.    The compensation required to be paid under this Section is a debt within the

---

[4] Defendants stipulate that they know and are able to issue a check payable to the Complainant's name and surname. Complainant's name will be submitted to the Court under seal or in a redacted version of this Consent Decree.

meaning of 11 U.S.C. § 523(a)(6).  Accordingly, Defendants will not seek to discharge any part of this debt in bankruptcy.

## XII. ACQUISITION OR TRANSFER OF INTEREST IN RESIDENTIAL RENTAL PROPERTIES

27. If the Leaf Defendants acquire a direct or indirect management, ownership, financial, or controlling interest in any other residential rental property during the term of this Consent Decree, such property will be subject to the applicable provisions of this Consent Decree as a Subject Property.  Defendants must provide written notification to the United States within fourteen (14) days of acquiring such an interest.  Defendant will further provide the United States with copies of any documents memorializing the transfer in interest of the property.

28. If, prior to the effective date or at any time during term of this Consent Decree, the Leaf Defendants sell or transfer any property listed in Attachment A, or any property acquired under Paragraph 28, to a bona fide, independent third-party purchaser in an arms-length transaction, such property will cease to be subject to this Consent Decree as a Subject Property.  For purposes of this Consent Decree, a "bona fide, independent third-party purchaser" is one with whom Defendants have no current or past financial, contractual, personal, or familial relationship.  An "arms-length transaction" is one that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction.  The Leaf Defendants will inform the United States within fourteen (14) days of any such transaction and provide documentation sufficient to confirm the sale or transfer, including contact information for the subsequent purchaser.

29. The Leaf Defendants will remain liable for their obligations under this Consent Decree, regardless of any property sale or transfer.

30. If any property is sold or transferred in a non-arms-length transaction, or to a non-third-party purchaser, that property will remain a Subject Property under this Consent Decree and the Leaf Defendants will remain liable for any violations of this Consent Decree for its duration.

## XIII. DURATION, MODIFICATION, AND ENFORCEMENT

31. This Consent Decree is effective immediately upon its entry by the Court.

32. Unless otherwise specified or extended pursuant to Paragraph 34, the provisions of this Consent Decree will be in effect for a period of two (2) years from the date of this Consent Decree.  The Court will retain jurisdiction for a period of two (2) years after the effective date, for the purpose of enforcing or interpreting the provisions of this Consent Decree, after which time

the case will be dismissed with prejudice.

33. Without further order of the Court, the United States and the Leaf Defendants may mutually agree, in writing, to reasonable extensions of time to carry out any provisions of the Consent Decree. In addition, the United States may move the Court to extend the terms of this Consent Decree in the event of noncompliance with any of its terms, or if the interests of justice so require.

34. The Parties will endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution. However, in the event any party contends that there has been a failure by Defendants, or any of them, whether willful or otherwise, to perform in a timely manner any act required by this Consent Decree, or otherwise to act in conformance with any provision thereof, any party may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

## XIV. MISCELLANEOUS

35. The Parties agree that as of the effective date of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in the United States' Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described in the Complaint, they are no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any of the Parties of any other obligations imposed by this Consent Decree.

36. Except as otherwise provided in Paragraph 35, above, the United States and Defendants will bear their own costs and attorneys' fees associated with this litigation.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin on May 2, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

**Attachment A**

<u>List of Residential Rental Properties</u>

1906 S. Tenth St., Milwaukee, WI 53204

2562 S. Ninth Pl., Milwaukee, WI 53215

2637 S. Ninth Pl., Milwaukee, WI 53215

1550 W. Cleveland Ave., Milwaukee, WI 53215

2718-2720 W. McKinley Blvd., Milwaukee, WI 53208

2217-2219 W. Orchard St., Milwaukee, WI 53204

2922-2924 W. Juneau Ave., Milwaukee, WI 53208

1719 S. 81st St., West Allis, WI 53214

2153-2155 S. Kinnickinnic Ave., Milwaukee, WI 53207

2107 N. 52nd St., Milwaukee, WI 53208

1502-1504 E. Royall Pl., Milwaukee, WI 53202

1511 E. Royall Pl., Milwaukee, WI 53202

3118 S. Chase Ave., Milwaukee, WI 53207

3018 W. Juneau Ave., Milwaukee, WI 53208

1032 E. Holt Ave., Milwaukee, WI 53207

**Attachment B**

<u>Employee/Agent Training Acknowledgment</u>

  I hereby acknowledge that on _____, I completed training conducted by _____ on the requirements of the federal Fair Housing Act and the Consent Decree entered by the United States District Court for the Eastern District of Wisconsin in *United States v. Leaf Property Investments LLC et al.,* No. 2:22-CV-01037-BHL (E.D. Wis.). I have also received and read a copy of that Consent Decree. My attendance at the training occurred during the following time frame (list starting and ending times: _____.

  I understand my obligation to not discriminate against any person in any aspect of the rental of a residential dwelling because of sex, race, color, religion, national origin, disability, or familial status (having children under age 18).

  I also understand my obligation not to retaliate against any individual for exercising a right protected by the Fair Housing Act.

_____

Signature

_____

Print Name

_____

Job Title/Position

_____

Date

**Attachment C**

<u>Employee Acknowledgement Form</u>

  I affirm that I, _____, received a copy of and read the Nondiscrimination Policy and Complaint Procedure adopted for residential rental properties owned or managed by Leaf Property Investments LLC and/or Sam James Leaf. I further affirm that I have had the opportunity to ask questions about the Nondiscrimination Policy and Complaint Procedure, and agree that any questions have been answered to my satisfaction. I agree to abide by the Nondiscrimination Policy and Complaint Procedure.

_____

Signature

_____

Print Name

_____

Job Title/Position

_____

Date

**Attachment D**

<u>Release of Claims</u>

In consideration for the Parties' agreement to the terms of the Consent Decree they entered into in the case of *United States v. Leaf Property Investments LLC et al.,* No. 2:22-CV-01037-BHL (E.D. Wis.), as approved by the United States District Court for the Eastern District of Wisconsin, and in consideration for the payment of $40,000, I, _____, do hereby fully release and forever discharge Leaf Property Investments, LLC, Sam James Leaf, Dennis Parker, and Auto Owners Insurance, the insurance carrier for Defendants, to the extent Wisconsin law authorizes claims I would have against Defendants' insurance carrier arising from my claims against Defendants, from any and all fair housing claims based on the facts set forth, or which could have been set forth, in the Complaint in the action named above that I may have had against them as of the date of entry of the Consent Decree. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Executed this _____ day of _____, 2024.

_____
Signature

_____
Print Name